NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON GRAY, | Civil Action No. 19-14446 (AET-DEA) |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| CHARLES TRUCILLO, et al, | |
| Defendants. | |

Plaintiff is proceeding *in forma pauperis* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 4). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will dismiss the complaint without prejudice.

1. Plaintiff alleges he was instructed to go to the intake area of the Monmouth County Jail on March 27, 2019. (ECF No. 4 at 4). He was given a copy of the warrant. (*Id.*).

2. He alleges Red Bank detectives assumed the suspect in a recording was him "with no lawful inference" and that "acting under the color of law a reasonable officer wouldn't have believed" that he was the individual in the recording. (*Id.*). Plaintiff states the charges were later dismissed by the grand jury. (*Id.*).

3. According to the complaint, "[t]he issuing of the arrest warrant caused an unconstitutional arrest and prosecution of an innocent man. The affidavit failed to establish

1

probable cause, in which a well trained officer would have not applied under the totality of the circumstances." *Id.* at 6.

4. In determining the sufficiency of a pro se complaint,[1] the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. To survive sua sponte screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[1] Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

6.      Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

7.      Plaintiff's amended complaint fails to state a claim. His allegations of false arrest,[3] false imprisonment, and malicious prosecution[4] simply parrot the elements of the causes of action without providing any facts that would enable this Court to determine that there is a plausible basis for liability.[5] *See Iqbal*, 556 U.S. at 678 ("[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

8.      Because Plaintiff has failed to state a claim in his amended complaint, the Court will dismiss the amended complaint without prejudice. Plaintiff may move for leave to amend within 30 days. Any motion to amend must be accompanied by a proposed second amended complaint that contains specific facts supporting Plaintiff's claims.

---

[3] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

[4] Plaintiff must set forth facts indicating that the defendants maliciously initiated criminal proceedings without probable cause for a malicious purpose "or for a purpose other than bringing the plaintiff to justice . . . ." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)). The criminal proceedings must also terminate in Plaintiff's favor. The Court presumes for screening purposes only that Plaintiff meets this factor as he alleges that the grand jury dismissed the charges against him. (ECF No. 4 at 4).

[5] "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). An exception exists when "the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* at 547 (quoting *Leon*, 468 U.S. at 923). "[T]he threshold for establishing this exception is a high one[.]" *Ibid.*

9.   Plaintiff should note that when a second amended complaint is filed, the amended complaint no longer performs any function in the case and cannot be utilized to cure defects in the second amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The second amended complaint may adopt some or all of the allegations in the amended complaint, but the identification of the particular allegations to be adopted must be clear and explicit. (*Id.*). To avoid confusion, the safer course is to file a second amended complaint that is complete in itself. (*Id.*).

10.   Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.

11.   An appropriate order follows.

September 13, 2019
DATE

ANNE E. THOMPSON
United States District Judge